460    THE PEOPLE ex rel. PIERCE v. COVILL.

Third Department, April Term, 1880.

THE PEOPLE OF THE STATE OF NEW YORK ex
rel. JAMES H. PIERCE, Respondents, v. OATMAN
COVILL, EDGAR TROMBLY AND OLIVER TROM-
BLY, Appellants.

*Certiorari to review summary proceedings for forcible entry and detainer — at
what stage of the proceedings it may issue.*

A *certiorari*, to review summary proceedings for a forcible entry and detainer,
may be issued after the defendant has traversed the inquisition, and before
the proceedings upon the said traverse have been completed.

Appeal from an order made at Special Term, quashing a writ
of *certiorari*.

On the 11th day of March, 1878, proceedings were commenced
under article 1, title 10, chapter 8, part 3 of the Revised Stat-
utes, before the county judge of Franklin county, by the plain-
tiff, James H. Pierce, against the defendants, for an alleged
forcible entry and detainer, and upon the complaint of Pierce the
county judge issued a precept for a jury, returnable at his office
at Malone, N. Y., upon Saturday, the 16th day of March, 1878, at
which time the parties appeared and such proceedings were had,
that an inquisition was found on March sixteenth, by the jury
which had been summoned, to the effect that the defendants had
forcibly entered the premises described in the complaint, and had
forcibly withheld the same from the plaintiff Pierce. This inqui-
sition was the same day, March sixteenth, traversed by the defend-
ants, and the county judge, upon the twentieth day of March,
issued a precept for a jury to try such traverse, returnable March
27, 1878. On the 20th day of March the defendants obtained a
writ of *certiorari*, commanding the county judge to certify all
proceedings herein to the Supreme Court, which writ was made
returnable at a Special Term appointed to be held at Schenectady
April 16, 1878, and a return was duly made to this writ by the
county judge on the 9th day of April, 1878.

Upon the sixteenth day of April, the return day named in the
writ, an order was made, directing that the hearing, upon the
return of the writ, should be had at the Special Term to be held

at Canton, May seventh, but by consent of the parties the hearing was had at a Special Term held at Plattsburgh, N. Y., upon the 17th day of April, 1878, and an order was then made dismissing the writ on the ground " that the defendants, having traversed the inquisition, obtained the writ before the proceedings before said county judge upon said traverse had been completed." From this order the defendants appealed to the General Term of the Supreme Court.

*W. P. Cantwell*, for the appellants.

*Palmer, Weed & Smith*, for the respondents.

BOARDMAN, J. :

Ordinary writs of *certiorari* do not issue until a final determination has been had in the inferior court or tribunal. (*People ex rel. Dickinson* v. *Super's Livingston*, 43 Barb., 232, affirmed 34 N. Y., 516, and cases cited.)    But this is not strictly true in cases of summary proceedings for forcible entry and detainer.    Such proceedings may be removed into the Supreme Court by *certiorari* at any time after inquisition (2 R. S., 510, §§ 19, 20, 21, 22), but not before inquisition. (*Haines* v. *Backus*, 4 Wend., 213.) The proceedings on such removal are given in the sections above referred to.    By section twenty-one, " the Supreme Court. shall proceed therein (after the return is made) and cause the defendant to traverse the inquisition, if no traverse has been had, and shall direct a trial."

So it appears the traverse may be made before or after the granting of the writ.    The object to be attained is the trial of the traverse in the Supreme Court.    The practice indicated is sustained by authority. (5 Wait's Pr., 313; *People* v. *Hickox*, 3 Hill, 446; *Carter* v. *Newbold*, 7 How., 166.)    We conclude, therefore, that the learned judge erred in quashing the writ in this case as prematurely issued.

The respondents urge other defects in the proceedings for which the writ should be quashed.    We do not consider these questions properly before us upon this appeal.    They should first be heard and passed upon by the Special Term.    If there be defects which

are serious, they may, perhaps, be remedied by means of amendment or additional papers.

The order of the Special Term is reversed, with ten dollars costs and disbursements.

LEARNED, P. J., and BOCKES, J., concurred.

Order quashing writ of *certiorari* reversed, with ten dollars costs and printing disbursements.